IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3032 |
| | ) | |
| v. | ) | |
| | ) | |
| CALVIN OLDS, | ) | TENTATIVE FINDINGS ON REVISED |
| | ) | PRESENTENCE INVESTIGATION |
| Defendant. | ) | REPORT |
| | ) | |

      The United States has filed an objection to Old's receiving "a reduction because he used the guns for sporting purposes. He sold the weapons for profit and had the weapons as a business. I think that the adjustment applies to someone using the weapons for hunting, not for assisting in a commercial business. He maintained the guns in a locker at the business. I think that this takes it out of the reduction contemplated by the Commission."

      The probation officer's response is that "There is no information available which indicates the defendant used the firearms for anything other than sporting purposes. While he did sell the firearms for profit and they were maintained at a business, which is also his residence, there is no information that he unlawfully discharged or otherwise unlawfully used such firearms."

      U.S.S.G. § 2K2.1(b)(2) provides that if the defendant "possessed all ammunition and firearms solely for lawful sporting purposes or a collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6."

      The only question presented, as I see it, is whether Mr. Olds possessed the firearms "solely for lawful sporting purposes . . ." I am taking silence by counsel to mean that the facts asserted in the portion of the Revised Presentence Investigation Report titled "**The Offense Conduct**," including the submission by Assistant United States Attorney Steven A. Russell and the submission by defense attorney Michael J. Hansen are to be taken as true.

That Mr. Olds "possessed" the firearms, a .22 rifle and a .410 shotgun, is not disputed. The statement of Counsel Hansen that "Calvin Olds possessed these guns for the sole purpose of hunting and teaching his sons how to shoot and hunt" is taken by me to be a conclusion that is not quite consistent with other factual assertions made by him and does not equate with possession "solely for . . . sporting purposes."

Calvin Olds, according to Mr. Hansen's statement, "used the .22 rifle himself to shoot prairie dogs at his place of employment, . . . as prairie dogs were overtaking the grounds of this business . . ."  It is true that usage of a rifle is not necessarily determinative of the purpose of its being "possessed" but it is hard to say that shooting prairie dogs at his place of employment (usage) is totally separated from the purpose of having a .22 and a .410.  "Sporting," given its usual contextual meaning, has to do with pleasure, diversion, amusement, which is not entirely engulfed in the words "to shoot prairie dogs at his place of employment, . . ." where they were "overtaking the grounds of his business."  Teaching the sons to "shoot and hunt" includes, but is not exclusively "lawful sporting purposes."

I do not give strong weight to the statement that Calvin Olds' sons wanted to learn how to hunt and his parents "decided to buy the guns for that purpose."  The test is what the purpose of the possession was, not merely the purpose of the purchase.  Neither do I consider the sale of the guns to be indicative of the purpose of the possession.  It appears more to have been for disciplining the youngest son who enjoyed hunting.  Having the guns for teaching is certainly related to sporting purposes, but hardly rates as being "solely" for sporting purposes.

One other observation may be useful to counsel in my arriving at a final conclusion as to the degree of decrease of the offense level under Guideline § 2K2.1(b)(2), Application Note 6 the consideration of "the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms . . .)"  The defendant has a criminal history that does not bode well for self-control.  He admits to being an alcoholic, he has been a longtime user of drugs, including methamphetamine, marijuana, and cocaine.  He has been in treatment for such usage at least 8 times, including NOVA twice.  He currently is in intensive outpatient drug and alcohol treatment and started anger management courses on May 1, 2008.  Crimes of which he has been convicted include assault with a deadly weapon at age 15, urinating on candy shelves in K-Mart

when appearing to be intoxicated at age 26, driving while intoxicated at age 29, threatening in a menacing manner at age 31, driving while intoxicated at age 32, attempted assault at age 34, and domestic assault in 2008. All of these suggest a mixture at least of dangerous actions mixed with alcohol or drugs, to which the adding of firearms would put others in an explosively dangerous situation. Added to that is an evident need on the part of the defendant for anger management. His acts indicate lack of control of anger. Possession of guns by one with such a history, even one asserting possession is solely for sporting purposes, is hardly a favored condition.

What I tentatively find is that the possession of these two guns was not "solely" for sporting purposes, but was related to sporting purposes, as well as other purposes, namely, protection of employment property and teaching of the sons. I do not say that there should be no reduction under the advice of the Guideline. I do think the reduction, if any, should be less than eight levels. I shall not make the decision of what the reduction should be until I have heard what counsel have to say at the sentencing hearing.

No one has asked for introduction of evidence and I assume there will be none, but I shall be pleased to hear anything further from counsel either as to the law or as to the argument of the facts with or without additional evidence. If evidence is requested, it must be in the manner set out in the Order on Sentencing Schedule.

One other point about the Revised Presentence Investigation Report I want to mention is that it says that Mr. Olds has no assets, no monthly income, no total monthly expenses, but a monthly income of $50 listed under "TOTAL LIABILITIES." It also says that Mr. Olds is employed by the Minatare Plaza, working in maintenance and operating a cash register and serves as one of the head managers of the plaza. His manager has stated that Mr. Olds is a "very reliable, hard worker, always on time, Calvin is a valuable employee to us." It is hard to believe that he has no income and no assets. I understand that he has not submitted any financial

information, but that may work to his detriment, because I need to consider what kind of a fine to impose.

I invite thoughts of counsel–and if presentation of evidence is desired on either or both issues I have mentioned, request for it should be made in accordance with the Order on Sentencing Schedule.  If a continuance is desired, a request for it should be made.

Dated August 26, 2008.

BY THE COURT


s/  Warren K. Urbom
United States Senior District Judge